**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CHARLES TYREE GREEN**, | No. 95-15901 |
| Petitioner - Appellant, | D.C. No. CV-93-03672-CW |
| v. | |
| **JAMES H. GOMEZ, Director of Department of Corrections of the State of California; THEODORE WHITE, Warden of New Folsom State Prison**, | **MEMORANDUM** * |
| Respondents - Appellees. | |

| | |
|---|---|
| **CHARLES TYREE GREEN**, | No. 08-15949 |
| Petitioner - Appellant, | D.C. No. 4:93-cv-03672-CW |
| v. | |
| **MATTHEW C. KRAMER**, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted January 13, 2010
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **HUG** and **CLIFTON**, Circuit Judges.

Green's statements after he was given the Miranda warnings were properly admitted.  Under Oregon v. Elstad, 470 U.S. 298 (1985), "a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings."  Id. at 318.  Green argues the statements should be suppressed under Missouri v. Seibert, 542 U.S. 600 (2004).  Even assuming he can rely on Seibert in light of Teague v. Lane, 489 U.S. 288, 310 (1989), there was no deliberate two-step process here.  Green's waiver of his Miranda rights was also voluntary.  See Moran v. Burbine, 475 U.S. 412, 421 (1986).  He was only in the interview room for approximately six hours before he was advised of his rights, and during most of that time he was not being interrogated.

Nor were Green's admissions coerced.  See Colorado v. Connelly, 479 U.S. 157, 167 (1986).  Although Green argues that he was psychologically vulnerable to questioning, "a defendant's mental condition, by itself and apart from its relation to official coercion" doesn't render a statement involuntary.  Id. at 164.  Green points to no police behavior amounting to coercion.  Moreover, Green's question "Can I

have time to think for a second" wasn't an invocation of his right to remain silent. It's just like the question "Can we talk about it tomorrow," which United States v. Thierman, 678 F.2d 1331, 1335–36 (9th Cir. 1982), held wasn't an invocation of the right to be silent.

Even if the state court erred in determining that Green wasn't in custody during his pre-Miranda questioning, he hasn't shown that admission of his initial statements had a "substantial and injurious effect" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (internal quotation marks omitted). Green's bloody overalls were properly admitted, see United States v. Patane, 542 U.S. 630, 641–42 (2004), as were his two confessions. Green's first statements are insignificant compared to this evidence.

**AFFIRMED.**